**PROBATE**

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **MARATHON COUNTY**

---

IN THE MATTER OF THE ESTATE OF:

SALLY MAE PERGOLSKI, a/k/a SALLY M. PERGOLSKI, a/k/a SALLY BORUCH

File No.
**12-PR-25**

---

His Honor
Gregory Grau
Circuit Court Judge
Marathon County Circuit Court
Branch 4
Marathon County Courthouse
500 Forest Street
Wausau, Wisconsin 54403

Thursday, August 9, 2012

**BRIEF**
Apropos August 15, 2012, Hearing[1]

Chase Boruch's Standing to Challenge Appointment of Jamie M. Pergolski as Special
Administrator of Estate

Chase Boruch's Comment on Objection to Will

---

[1] Scheduled for 10:45 a.m. Before His Honor, Gregory Grau

EXHIBIT ___M___

1

PREMISE

Chase Boruch has standing to challenge Jamie M. Pergolski as appointed Special Administrator of Estate, even if not in capacity of executor of Estate.  Chase Boruch is party to a Federal action in which Jamie M. Pergolski is an individual defendant, and also represents Estate; Chase Boruch believes Jamie M. Pergolski is erroneously appointed executor, for Will specifically forbids Jamie M. Pergolski from involvement in administration of Estate in probate.  As such, Chase Boruch asserts Jamie M. Pergolski is improperly representing Estate in Federal action, and the proper venue for challenging such is in Probate Court.  If Chase Boruch does not have standing to directly challenge Jamie M. Pergolski's appointment as Special Administrator of Estate, Chase Boruch does have standing to support admission of Will, contrary to Jamie M. Pergolski's 7-24-12 objection to Will for undue influence, with said Will stating "...I wish for my daughter, Jamie Mae Pergolski, to not be involved in my estate whatsoever, to include probate...".[2] Chase Boruch asserts that a support of Will's provisions as it applies to Jamie M. Pergolski is not contingent upon Chase Boruch having standing to directly challenge Jamie M. Pergolski's appointment as Special Administrator. Chase Boruch has standing to support Court's application of the plain language in Will. Chase Boruch also has standing to support Will, as Chase Boruch was drafter of the Will. By naming Chase Boruch in her 7-24-12 objection concerning allegations of undue influence, Jamie M. Pergolski affords Chase Boruch standing to challenge Jamie M. Pergolski's objection to Will, with said Will barring Jamie M. Pergolski from involvement in probate of Estate, thereby, Chase Boruch can transitively challenge Jamie M. Pergolski's appointment as Special Administrator.


DIRECT CHALLENGE TO APPOINTMENT OF JAMIE M. PERGOLSKI AS SPECIAL ADMINISTRATOR OF ESTATE

In an objection to Will, dated 7-24-12, Jamie M. Pergolski names "Chase Boruch" in allegations of undue influence; I assert that such naming affords me standing to respond and argue against Jamie M. Pergolski's allegations of undue influence. Arguing for the validity of Will effectively argues against Jamie M. Pergolski as Special Administrator of Estate, for the Will forbids Jamie M. Pergolski from involvement in Estate.

In addition, I assert, that, in the interest of equity, Court should grant me standing to directly challenge Jamie M. Pergolski's appointment as Special Administrator of Estate, for Jamie M. Pergolski represents Estate in a Federal interpleader action;[3] the plain language of Will forbids Jamie M. Pergolski's involvement in probate of Estate, which I assert includes representation in Federal interpleader action; the proper venue for challenging Jamie M. Pergolski's representation of Estate in Federal Interpleader action is in Probate Court; it should be noted that I have requested removal of 12-PR-25 to Federal Court.


UNDUE INFLUENCE; OBJECTION TO WILL

"Each person has a right to dispose of his property as he sees fit..."[4] "The pursuit of happiness clause in art. I, § 1 of the Wisconsin Constitution has been interpreted to contain this 'inherent

---

[2] Article 2, Page 2 - Last Will and Testament of Sally Mae Pergolski
[3] 12-cv-324; Western District of Wisconsin
[4] *Will of Golz*, 190 Wis. 524 @ 526

right' to dispose of property by Will."[5] "   The test [for undue influence] is whether 'the free agency of the testator was destroyed'."[6]

There are "two distinct methods by which an objector to a will may challenge its admissibility on the grounds of undue influence."[7] First, one must prove the four elements which have been said to show undue influence; these are: susceptibility, opportunity to influence, disposition to influence, and coveted result. Proving all four elements is necessary to raise a rebuttable presumption of undue influence.

Most easily addressed in the present case, is the element of coveted result. "This element goes to the naturalness or expectedness of the bequest."[8] "A will must not only on its face make an unnatural disposition, but the disposition must also be in fact unnatural to satisfy the test...coveted result includes obtaining for oneself or another a benefit such person would normally not receive...evidence may make what appears to be an unnatural or unjust will a natural and plausible one."[9]

In the present case, the Will in controversy specifically includes an explanation of the relationship between testatrix and Jamie M. Pergolski. "For the reason that my relationship with my daughter, Jamie Mae Pergolski, was stressed, and for the reason that my daughter, Jamie Mae Pergolski, was physically and verbally abusive toward me, I hereby wish and assert that my daughter, Jamie Mae Pergolski, be excluded from any benefits which my estate may produce after my death...In addition, I assert that I wish for my daughter, Jamie Mae Pergolski, to not be involved in my estate whatsoever, to include probate..."[10]

Regarding coveted result, "The essential question is whether that person has, for no apparent reason, been favored in the will to the exclusion of a natural object to the testator's bounty."[11] Jamie M. Pergolski seemingly alleges undue influence based on seeming unnatural distribution. As illustrated above, there is, in the present case, an apparent reason for the exclusion of Jamie M. Pergolski, that is, the abusive treatment of Jamie M. Pergolski toward the testatrix; this is evidence which makes a seemingly unnatural will a plausible one.

For this, I request the Court admit the Will in contest to probate, and apply its provisions. If the Court is not ready to make such a ruling, or unwilling at this time, I would request the Court allow me to offer to Court as an offer of proof, portions of the trial transcript and record from 10-CF-269, a criminal matter to which I was a party, and at/during which Jamie M. Pergolski offered comments, with said comments illustrating Jamie M. Pergolski's opinion of, and relationship with, testatrix; I assert such will allow the Court to understand the Will's disposition, and validate the Will's explanation of relationship between testatrix and Jamie M. Pergolski.

The second method by which one may challenge the admissibility of a will based on undue influence, is to establish "a confidential relationship between the testator and the favored beneficiary and suspicious circumstances surrounding the making of the will."[12] "...one need not

---

[5] *In re Estate of Eisenberg*, 90 Wis. 2d 620 @ 624, 625, quoting *Nunnemacher v. State*, 129 Wis. 190
[6] *In re Estate of Gaudynski*, 46 Wis. 2d. 393 @ 400, quoting *Will of Faulks* (1945), 246 Wis. 319
[7] *Johnson v. Merta (In re Estate of Dejmal)*, 95 Wis. 2d. 141, @ 155
[8] *Estate of Steffke*, 48 Wis. 2d 45
[9] *In re Estate of Becker*, 76 Wis. 2d 336, quoting *Will of Cooper*, 28 Wis. 2d 391
[10] Article 2, Page 2 - Last Will and Testament of Sally Mae Pergolski
[11] *In re Estate of Kamesar*, 81 Wis. 2d 151
[12] *Johnson v. Merta (In re Estate of Dejmal)*, 95 Wis. 2d. 141, @ 155

contradict the evidentiary facts giving rise to the inference of undue influence "but may introduce such facts as would permit the rejection of the inference of undue influence."[13] Should Jamie M. Pergolski argue undue influence on the elements of this second method, I would request Court allow a period of discovery, to include allowing me to submit to Jamie M. Pergolski, interrogatories and requests for admissions. I would also request an injunction, enjoining Jamie M. Pergolski from representing Estate, and request Court stay order appointing Jamie M. Pergolski Letters of Special Administration.

PROTECTIVE ORDERS

I have sent to Court and parties, requests for protective orders. Should the Court order discovery as requested, or otherwise allow, I anticipate Jamie M. Pergolski seeking examination of/discovery from, the witnesses to the signing of the Will. Both Tiffany Lauersdorf and Jesse Vogel testified in 10-CF-269, Tiffany as a defense witness, and Jesse as a witness for the State. During each respective section of testimony, witnesses were asked questions concerning possible undue influence in the construction of the Will now in controversy. For the reason that both witnesses to the Will have already been examined as to testatrix's free agency, I would ask the Court to issue the requested protective orders; this will serve judicial efficiency, and prevent unnecessary inconvenience and burden to the witnesses. Such orders would do little to limit discovery, for Jamie M. Pergolski could submit to Court, the portion of the 10-CF-269 trial transcript which accounts Ms. Lauersdorf's and Mr. Vogel's testimony. As the attached papers requesting protective orders show, I also request Court allow me to submit to Court, portions of the 10-CF-269 transcript which accounts Ms. Lauersdorf's and Mr. Vogel's testimony.

CONCLUSION

I assert Jamie M. Pergolski's naming of me in her objection to Will affords me standing to argue against undue influence, argue fro admission of will, and thus argue transitively against Jamie M. Pergolski as Special Administrator of Estate. I assert that this brief proves Jamie M. Pergolski lacks at least one element necessary from each of the two methods by which one can prove undue influence in objection to a will; I do not concede to any of the other needed elements, nor do I concede Jamie M. Pergolski has established such. Simply put, in the interest of brief address, I assert I have proved a lack of necessary elements, and/or established simple and feasible means by which such can be proved, and, as such, Jamie Pergolski's object to the admissibility of the Will must fail, and the Will should be admitted to probate. I would ask the Court to admit the Will to probate, apply its provisions, and revoke Jamie M. Pergolski's Letters of Special Administration; or, in the alternative, I request Court allow a period of discovery, and schedule another hearing to decide admission of Will to probate at a time to be decided by the Court.

I affirm that these papers (total of 5 pages) are being sent to Court, and the parties listed in the Distribution section of these papers, this ____ day of August, 2012.

---

[13] *Johnson v. Merta (In re Estate of Dejmal)*, 95 Wis. 2d. 141, @ 156

Respectfully Submitted,

Chase Boruch
*Pro se*

Chase Boruch - 582646
Waupun Correctional Institution
P.O. Box 351
Waupun, Wisconsin  53963


Distribution:
    Court, Marathon County Circuit, The Honorable Gregory Grau
    Robyn De Vos

5

1    STATE OF WISCONSIN       CIRCUIT COURT      MARATHON COUNTY

2    ------------------------------------------------------------

3    In the Estate of:

4    SALLY MAE PERGOLSKI.              Case No. 12-PR-25

5    ------------------------------------------------------------

6    Presiding Judge:

7    HONORABLE GREGORY E. GRAU

8

9    Official Court Reporter:

10   Mary P. Hader, CSR, RPR

11

12   Date of Proceedings:

13   August 15, 2012

14

15   APPEARANCES:

16   The Son of the Decedent, Mr. Chase Boruch, appearing by phone;

17   Ms. Robyn J. DeVos, of the firm Crooks, Low & Connell, S.C., 531

18        Washington Street, P.O. Box 1184, Wausau, Wisconsin,

19        54402-1184, Attorney for the Personal Representative.

20

21

22

23

24                                   EXHIBIT __N__

25

1

1          THE COURT:  Okay.  We're going to go on the
2    record in Case 12-PR-25.  It's in the matter of the estate
3    of Sally Pergolski.  Mr. Boruch is appearing by phone from
4    the Wisconsin State Prison System.  And Ms. DeVos is
5    appearing in person.  It's my understanding that Ms. DeVos
6    represents the personal representative named by Judge
7    Falstad.  And that is Jamie Pergolski, correct?
8          MS. DeVOS:  That's correct.  And I'm representing
9    her on -- as special administrator of the estate and also
10   personally.
11         THE COURT:  Okay.  And, procedurally, I believe
12   what happened to bring us to court is that this case was in
13   front of Judge Falstad.  She appointed Ms. Pergolski as the
14   personal representative.  And then Mr. Boruch filed a
15   motion for reconsideration of Judge Falstad's ruling.  And,
16   in the meantime, he also filed an appeal to the Court of
17   Appeals concerning Judge Falstad's ruling, correct?
18         MR. BORUCH:  Yes, sir.
19         THE COURT:  Okay.  So you filed the appeal even
20   though the motion for reconsideration was pending?
21         MR. BORUCH:  It would appear so, yes.
22         THE COURT:  Okay.  So I suppose what we're here
23   on is the motion for reconsideration, notwithstanding the
24   appeal.  And I want to cut to the quick of the matter as
25   far as I'm concerned.

2

1          Mr. Boruch was convicted of the first degree

2     intentional homicide of Sally Pergolski, also known as

3     Sally Boruch.  And it's my understanding that there is a

4     certified copy of the judgment of conviction in Lincoln

5     County Case 10-CF-269 in the court record.

6          Is, is that correct, Ms. DeVos?

7          MS. DeVOS:  That is correct.

8          THE COURT:  Okay.  And you're in prison now

9     serving a life sentence based upon that conviction in

10    Lincoln County Case 10-CF-269.  Is that right, Mr. Boruch?

11         MR. BORUCH:  Yes, sir.

12         THE COURT:  Okay.  And I reference Wisconsin

13    Statute 854.14.

14         In pertinent part, that statute reads that except

15    as provided in sub. (6), the unlawful and intentional

16    killing of the decedent does all of the following:  Revokes

17    a provision in a governing instrument that, by reason of

18    the decedent's death, does any of the following:  No. 3,

19    nominates or appoints the killer to serve in any fiduciary

20    or representative capacity, including personal

21    representative.

22         And then sub. (c) of 854.14(c) reads:  Revokes

23    every statutory right or benefit to which the killer may

24    have been entitled by reason of the decedent's death.

25         Now, my inquiry to you, Mr. Boruch, is such:

3

1    Under 854.14(2)(c), it appears to me that any statutory

2    right you have to proceed in this case is revoked.

3          Accordingly, I pose this question to you:  What

4    standing do you have to bring this matter before the Court

5    in that you are no longer a person interested in this case

6    because your statutory right to be an interested person is

7    revoked under 854.14?

8          MR. BORUCH:  Judge, recently, Ms. Pergolski filed

9    a --

10         THE COURT:  You need to speak up, sir.

11         MR. BORUCH:  Is that better?

12         THE COURT:  Yeah.

13         MR. BORUCH:  Okay.  We have an issue with the

14   phone here.  Can you hear me now?

15         THE COURT:  Yeah.  And, remember, my question is:

16   What standing do you have to even bring this issue before

17   the Court given the fact that every statutory right that

18   you have in this action is revoked as a result of your

19   conviction for the intentional homicide of your mother?

20         MR. BORUCH:  Judge, Ms. Pergolski named me in an

21   objection to the will concerning the estate alleging undue

22   influence.

23         I think that brings me before the Court to argue

24   against that; and, by doing that, proving the will,

25   specifically itself, from Ms. Pergolski, being involved in

**4**

1    probate of the estate.

2           THE COURT:  Okay.  Ms. DeVos, do you want to be

3    heard on that issue raised by the Court?

4           MS. DeVOS:  Well, I would just state that, simply

5    by naming the -- essentially, the perpetrator of the undue

6    influence doesn't give the person standing to object or

7    support the will.

8           I don't think there's any case law that would

9    support that.

10          And this isn't a criminal case; it's a civil

11   case.

12          So, there's no rights being violated of

13   Mr. Boruch's by not being an interested party in this case.

14          THE COURT:  Okay.  Well, as far as I'm concerned,

15   Section 854.14(2)(c) rules the issue before the Court.

16          While Mr. Boruch was originally a person

17   interested in this case because he was an heir

18   under 851.09, when he was convicted of first degree

19   intentional homicide of Sally Pergolski, his rights to

20   proceed in this case and his standing in this case was

21   revoked.

22          And, because he does not have standing to bring

23   the, the action that's now before the Court, I deny his

24   motion for reconsideration.

25          And my ruling is that he doesn't have standing to

5

1    challenge Judge Falstad's original determination.

2         If he wants to pursue that appeal, I suppose

3    that's his prerogative and he, he can do that.

4         And how the Court of Appeals will handle that,

5    given the language of 854.14, is up to the Court of

6    Appeals.

7         But I'm denying his motion to reconsider.

8         And I deny it on my finding that he doesn't even

9    have st- -- does not even have standing to bring it given

10   his conviction for first degree intentional homicide.

11        So, my ruling is, your motion for reconsideration

12   is denied because you don't even have standing to bring it.

13        Anything else you want the Court to address on

14   the issue of the motion for reconsideration, Mr. Boruch?

15        MR. BORUCH:  On the motion for reconsideration,

16   no, Your Honor.

17        THE COURT:  Okay.  Anything else, Ms. DeVos, for

18   today's hearing?

19        MS. DeVOS:  Yes.  I would like the Court to also

20   address the -- Jamie Pergolski filed an objection to the

21   will.  And we're going to be requesting a status conference

22   on that.

23        I guess, along the same lines, I believe that

24   Chase Boruch has no -- he's not an interested person in

25   that because of the same statutes, 854.14, and that we

6

1    request the Court that he essentially be -- his motion -- I

2    guess, I don't know exactly what -- how he brought that

3    motion, but he did bring a response to our objection to the

4    will.  And I guess I would ask the Court to strike, either

5    strike that pleading or make an order that he does not have

6    standing to either support or object to the will also.

7          There is some case law on the will.

8    Specifically, if you're not due to inherit under the will

9    that you don't have any standing to object to the will.

10          I guess I would state that that reasoning should

11    apply to not having standing to support a will either when

12    you are not entitled to benefit from that will.

13          THE COURT:  Well, I do find that 854.14 rules

14    that issue; that, again, given his conviction for the first

15    degree intentional homicide of his mother, he does not have

16    standing to challenge the challenge to the will.

17          And, accordingly, when that -- when and if that

18    matter is heard, he does not have standing to participate.

19          MS. DeVOS:  And then, on the same lines, Your

20    Honor, he has filed several other motions.

21          He filed a motion for a protective order

22    regarding some testimony regarding the undue influence, a

23    motion to determine whether Brandon Omar Rise (ph) and

24    Ariel Mae Rise (ph) are interested people.  He also filed a

25    motion for relief pending appeal and an injunction

1    restraining Jamie Pergolski from further actions as a

2    special administrator of that estate.  And I'd ask the

3    Court to also deny all those motions based on lack of

4    standing.

5         THE COURT:  Well, again, invoking the

6    before-mentioned statute, I find that he does not have

7    standing to bring any of those motions before the Court.

8         Accordingly, they will not be heard by the Court.

9         MS. DeVOS:  And then, for clarification, I ask

10   that this Court, that this is the order that I will prepare

11   based on the Court's ruling that this is a final order.

12        THE COURT:  Yes.  I ask you to prepare the order

13   consistent with the Court's ruling today.

14        Anything else for today?

15        Your, your right to appeal Judge Falstad's ruling

16   is, is preserved then, and you can proceed on that, but

17   then --

18        MS. DeVOS:  I do have one matter of housekeeping,

19   Your Honor, if I can, quick?

20        THE COURT:  Yes.

21        MS. DeVOS:  And that's regarding that Jamie

22   Pergolski was appointed as special administrator in this

23   estate.  That was prior to having any funds, any funds in

24   her hands from the insurance policies.

25        We have now have one of the insurance policies

8

1    paid out.  We will be appointing her as personal -- asking

2    the Court to appoint her as personal representative.

3                And I ask that -- whether the Court can appoint

4    her as personal representative today consistent with -- in

5    this estate?

6                THE COURT:  Well, isn't that what Judge Falstad

7    did and isn't that --

8                MS. DeVOS:  The appointment as a special

9    administrator.  And that was due to the fact that -- but

10   she had all the powers and responsibilities of a personal

11   representative, but we will need to now have her appointed

12   as a personal representative --

13               THE COURT:  Okay.

14               MS. DeVOS:  -- due to the fact that we now have

15   assets in this estate.

16               THE COURT:  Well, does anybody else have a right

17   to notice of that?

18               MS. DeVOS:  Well, I suppose the only people would

19   be the grand- -- the grandchildren.

20               THE COURT:  Okay.  Well, I'll entertain that

21   motion.  But I think -- why don't you get a --

22               MS. DeVOS:  Notice.

23               THE COURT:  -- date for that --

24               MS. DeVOS:  Okay.

25               THE COURT:  -- and then get appropriate notice

9

1    out.  And then we'll take it up once there's a date with

2    appropriate notice.

3                    MS. DeVOS:  Okay.

4                    THE COURT:  Okay.

5                    MS. DeVOS:  Thank you very much.

6                    THE COURT:  Then, if there's nothing else for

7    today, we are adjourned.  Thank you.

8                    (Proceedings concluded at 10:55 a.m.)

9                              * * *

10   STATE OF WISCONSIN )

11                      )  SS:

12   COUNTY OF MARATHON )

13

14            I, Mary P. Hader, Registered Professional

15   Reporter, do hereby certify that the foregoing transcript,

16   consisting of Pages 1 through 10, inclusive, is a true and

17   accurate transcript of the hearing taken on the 15th day of

18   August, 2012.

19

20                    _____

21                    Mary P. Hader, CSR, RPR

22

23   Dated this 3rd day of October, 2012,

24   at Marathon, Wisconsin.

25

**COPY**

MARATHON COU...
...ATE / JUVE...
BRANCH 4
STATE OF WISCONSIN        CIRCUIT COURT        MARATHON COUNTY
2012 AUG 20 PM 2: 54

AUG ... 1 2012

**FILED**

IN THE MATTER OF THE ESTATE OF                  ORDER DENYING
SALLY PERGOLSKI,                                CHASE BORUCH'S MOTIONS

THIS IS AN AUTHENTICATED
COPY OF PROCEEDINGS FILED            Case No. 12-PR-25
ON THIS DATE

The Motions/Responses of Chase Boruch hereinafter referred to having come on for hearing this 15th day of August, 2012, the Honorable Greg Grau, Circuit Court Judge, presiding, there appearing the Estate of Sally Pergolski by Robyn J. De Vos of Crooks, Low & Connell, S.C., its attorneys, and Chase Boruch appearing telephonically, and the Court having considered the Motions, Responses, Briefs and arguments of the parties and being fully advised in this matter, enters the following Order:

IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:

1.      The Motion for Reconsideration and Notice of Motion and Continuing Objection and Notice of Exception and Request for Order shall be and hereby is denied;

2.      The Motion for Relief Pending Appeal and Notice of Motion and Request for Hearing shall be and hereby is denied;

3.      The Notice of Response and Response to Jamie M. Pergolski's Objection to Will shall be and hereby is denied;

4.      The Motion and Notice of Motion, Request for Protective Order, Request for Permission to Submit Portions of Transcript Accounting Testimony in 10-CF-269 as to Tiffany Lauersdorf's Witness of Signing of Will shall be and hereby is denied;

5.      The Motion and Notice of Motion, Request for Protective Order, Request for Permission to Submit Portions of Transcript Accounting Testimony in 10-CF-269 as to Jesse Vogel's Witness of Signing of Will shall be and hereby is denied;

6.      The Motion and Notice of Motion and Request for Court to Order Arielle Mai Reyes and Brandon Omar Reyes to Brief Court and Parties in Writing as to How Interested; or, in the Alternative, Request for Court to Order Jamie M. Pergolski to Brief Court and Parties in Writing as to How Arielle Mai Reyes and Brandon Omar Reyes are Interested; or, in the Alternative, Motion for Court to Dismiss Arielle Mai Reyes and Brandon Omar Reyes as Interested Persons, shall be and hereby is denied.

EXHIBIT        O

IT IS FURTHER HEREBY ORDERED AND ADJUDGED, that the above Motions are denied as Chase Boruch lacks standing in the administration of the probate of the estate as his status as an interested person has been revoked under Wis. Stat. § 854.14(c). Chase Boruch does not have standing to participate in any further hearings or matters in this case, including but not limited to Jamie Pergolski's challenge to the Last Will and Testament and therefore any pleadings and or responses filed, or hereinafter filed, shall not be considered.

**THIS ORDER IS FINAL FOR PURPOSES OF APPEAL.**

Dated this 15th day of August, but signed this _____ day of August, 2012.

BY THE COURT:

_____
Hon. Greg Grau, Circuit Judge

DRAFTED BY:
Attorney Robyn J. De Vos
State Bar ID # 1057278
CROOKS, LOW & CONNELL, S. C.
531 Washington Street
P. O. Box 1184
Wausau, WI 54402-1184
(715) 842-2291

2

OFFICE OF THE CLERK

# WISCONSIN COURT OF APPEALS

110 EAST MAIN STREET, SUITE 215
P.O. BOX 1688
MADISON, WISCONSIN 53701-1688

Telephone (608) 266-1880
Facsimile (608) 267-0640
Web Site: www.wicourts.gov

## DISTRICT III

January 8, 2013

*To:*

Hon. Gregory E. Grau
Circuit Court Judge
Marathon County Courthouse
500 Forest St.
Wausau, WI 54403

Patrick L. Crooks
Robyn J. De Vos
Crooks, Low & Connell, S.C.
P.O. Box 1184
Wausau, WI 54401-1184

Jenni Lemmer, Register in Probate
Marathon County Courthouse
500 Forest St.
Wausau, WI 54403

Chase Boruch 582646
Waupun Corr. Inst.
P.O. Box 351
Waupun, WI 53963-0351

You are hereby notified that the Court has entered the following opinion and order:

---

2012AP2045      In re the estate of Sally Mae Pergolski: Chase Boruch v. Jamie M. Pergolski (L.C. # 2012PR25)

Before Hoover, P.J., Mangerson, J., and Thomas Cane, Reserve Judge.

The respondent has filed a motion for summary affirmance and the appellant filed a response opposing the motion. Upon our review of these documents and the record, we conclude that summary affirmance is appropriate. The trial court correctly concluded that the appellant lacks standing to pursue any of his claims in the circuit court by virtue of his conviction for the murder of Sally Mae Pergolski. We reject the appellant's argument that the alleged perpetrator of undue influence has standing to challenge any contest to the will. Such a person ordinarily has standing because he is an heir under the will and therefore has a stake in the litigation. Because a person convicted of murdering the decedent cannot inherit regardless of the validity of the will, he has no stake in the outcome.

The appellant also argues that, as the drafter of the will, he is in the best position to gauge the testatrix's intent. If a person with standing wished to defend the will, the appellant may be an important witness. However, he is not a party who can raise the issue himself.

IT IS ORDERED that the order is summarily affirmed. WIS. STAT. RULE 809.21.

---

*Diane M. Fremgen*
*Clerk of Court of Appeals*

EXHIBIT P



STATE OF WISCONSIN

BRANCH 4
CIRCUIT COURT

MARATHON COUNTY

IN THE MATTER OF THE ESTATE OF
SALLY PERGOLSKI,

**FILED**

**SEP 07 2012**

Case No. 12-PR-25

MARATHON COUNTY
REGISTER IN PROBATE

ORDER REGARDING THE LAST WILL AND TESTAMENT
OF SALLY PERGOLSKI DATED MAY 7, 2010

THIS IS AN AUTHENTICATED
COPY OF PLEADINGS FILED
ON THIS DATE

Upon the attached Stipulation and upon the entire file herein;

IT IS HEREBY ORDERED that the attached Stipulation is hereby approved and that the Will of Sally Pergolski dated May 7, 2010 is invalid and shall not be admitted to probate.

Dated this _7_ day of ~~August~~ September, 2012.

**BY THE COURT:**

_____
Gregory Grau
Circuit Judge Branch 4

DRAFTED BY:
Attorney Robyn J. De Vos
State Bar ID # 1057278
CROOKS, LOW & CONNELL, S. C.
531 Washington Street, Box 1184
Wausau, WI 54402-1184
(715) 842-2291

EXHIBIT _Q_

| | BRANCH 4 | |
|---|---|---|
| STATE OF WISCONSIN | CIRCUIT COURT | MARATHON COUNTY |

IN THE MATTER OF THE ESTATE OF
SALLY PERGOLSKI,

Case No. 12-PR-25

---

### STIPULATION REGARDING VALIDITY OF LAST WILL AND TESTAMENT
### OF SALLY PERGOLSKI DATED MAY 7, 2010

---

IT IS HEREBY STIPULATED AND AGREED by the undersigned, who are all of the interested persons in this estate, namely, Jamie Pergolski, Brandon Omar Reyes and Arielle Mai Reyes, as follows:

1.    Sally Pergolski died on June 6, 2010.

2.    Sally Pergolski was survived by her two children, Jamie Pergolski and Chase Boruch and two grandchildren, issue of Jamie Pergolski: Brandon Omar Reyes and Ariel Mai Reyes. Chase Boruch has no children.

3.    Chase Boruch was convicted of 1st Degree Intentional Homicide of Sally Pergolski in Lincoln County Case No. 10-CF-269 on November 16, 2011. Thereafter, Chase Boruch was sentenced to life imprisonment without the possibility of extended supervision.

4.    That on May 29, 2012, Jamie Pergolski petitioned the Marathon County probate court for appointment as Special Administrator and on June 25, 2012 she was appointed as such with all of the powers and duties of a personal representative.

5.    That on July 24, 2012, the Will of Sally Pergolski dated May 7, 2010, hereinafter "the Will," which had been used as evidence in the homicide case, was deposited with the Marathon County Register of Probate. On that same day, Jamie Pergolski filed an objection to probate of the Will based upon the allegation that the Will was the result of undue influence exercised over the decedent by Chase Boruch.

6.    The Will specifically disinherits Jamie Pergolski from recovery of any estate assets and names Chase Boruch as sole beneficiary and therefore, if the Will was admitted to probate, since Chase Boruch is disqualified from receiving any benefit under the Will pursuant to Wis. Stat. §854.14, no alternate is named and Jamie Pergolski is specifically disinherited, the grandchildren, Brandon Omar Reyes and Ariel Mai Reyes would be the beneficiaries of the Estate. If the Will was found to be invalid as a result of undue influence and not admitted to probate, under the laws of intestacy, Jamie Pergolski would be the sole beneficiary.

7.     Chase Boruch has admitted to taking care of Sally Pergolski's finances, being an active participant in obtaining life insurance policies and on numerous occasions has admitted to drafting the Will, all of said actions occurring within a very short period of time before Sally Pergolski's ultimate death.

8.     The undersigned stipulate and agree that the Will of Sally Pergolski was the product of the undue influence of Chase Boruch exercised over Sally Pergolski and therefore is invalid and shall not be admitted to probate.

Dated: 8/27/12

_____
Brandon Omar Reyes

Dated: 8/27/2012

_____
Arielle Mai Reyes

Dated: 8/27/12

_____
Jamie Pergolski

DRAFTED BY:
Attorney Robyn J. De Vos
State Bar ID # 1057278
CROOKS, LOW & CONNELL, S. C.
531 Washington Street, Box 1184
Wausau, WI 54402-1184
(715) 842-2291

JAN 1 0 2013

STATE OF WISCONSIN, CIRCUIT COURT, _Marathon_ COUNTY | For Official Use

IN THE MATTER OF THE ESTATE OF

☐ Amended

_Sally Perusulski_

**Demand for
Formal Proceedings**

(Informal Administration)

Case No. _12-PR-25_

1. I am
   ☐ the personal representative in this estate.
   ☐ an interested person in this estate.
   ☒ representatives of interested person. _Rep. of Chase Bauch's Bankruptcy_
   ☐ a court official. _Estate, case no. 1-11-16005-TSJ_

2. This matter is pending under informal administration and I demand formal proceedings for
   ☒ the remaining administration of the estate.
   ☐ limited issue(s): (Explain) _____

_Chase Bauch on Behalf of_
_Chase Bauch's Bankruptcy Estate_

Signature

Name Printed or Typed

_1-6-13_

Date

The signer of this document is required to serve a copy of this document on the personal representative.

If there is a personal representative, service of this document suspends the powers of the personal representative regarding these matters until reinstated by the court.

This suspends informal administration as to these matters until reinstated by the court.

Form completed by: (Name)
_Chase Bauch_

Address
_Waupun Corr. Inst._
_P.O. Box 351_
_Waupun, WI 53963_

Telephone Number | Bar Number (if any)
_— Pro se —_

EXHIBIT _R_